From C. P. Addams, Harrisburg, Pa.

## McKnight v. Kling.

*John J. Haberstroh*, for plaintiff; *Robert A. Henderson*, for defendant.

PATTERSON, P. J., July 17, 1930.—This is a rule to show cause why a judgment to No. 163, January Term, 1929, in the Court of Common Pleas of Blair County, wherein C. C. McKnight is plaintiff and William Kling, Sr., is defendant, should not be opened and defendant allowed to put in his defense.

On January 20, 1928, the parties plaintiff and defendant entered into a written lease agreement for certain premises known as Cross Keys Inn, situate in the Township of Allegheny, County of Blair and State of Pennsylvania, for a term of one year at a rental of $780, payable at the rate of $65 per month. The defendant occupied the premises until some time early in the following year, 1929, when he was prosecuted for violating the liquor law and committed other acts which the plaintiff alleges were contrary to the terms of the lease and in effect a forfeiture of the same. On February 6, 1929, plaintiff, through his counsel, confessed judgment to the above stated number and term for rent in the sum of $477, being the amount due for the full term of the lease from October 20, 1928, to the end thereof, averring that this amount is due as a result of the breach of contract on the part of defendant. Defendant, however, contends that he owed rent amounting to $152 on January 21, 1929. On January 19th he received a notice from plaintiff to vacate and remove from said premises within ten days thereafter, and on the following day and pursuant to said notice he withdrew from said

premises and was, therefore, relieved from the payment of rent on and after that date.

The testimony on the part of the plaintiff is to the effect that defendant had removed his goods and vacated the premises with the exceptions of several items of personal property on January 17th, or two days before receiving the notice from plaintiff. The plaintiff testifies that he did not get possession until June 20, 1929, and that judgment was entered for the amount due to that date.

The lessor will not be permitted to terminate a lease and collect rent for the full term. Neither can a tenant by his unlawful acts work a forfeiture and escape liability for the rent for the full term. It is an undisputed fact that this lease was terminated, either by defendant or plaintiff or by both parties. The judgment should be opened and defendant allowed to put in his defense and the questions at issue between the parties shall be:

(1) Did the lessee, by his unlawful acts, forfeit his right to the premises and make himself liable for the rent for the unexpired term of the lease?

(2) Did the lessor, by serving notice on lessee on January 19, 1929, terminate the lease as of that date and thereby bar his right to recover rent after January 21, 1929, or did he have a right to serve the notice to quit and collect the amount of rent due for the unexpired term of the lease?

(3) Did both parties to this lease terminate the same, and if so, what day was such termination effective?

(4) What rent is now due and unpaid, if any?

Rule to open judgment is hereby made absolute, and defendant allowed to put in his defense in accordance with the prayer of the petition. No other pleadings to be filed, and the cause to be tried upon the petition and answer as though a statement of claim and affidavit of defense had been filed.

From Robert W. Smith, Hollidaysburg, Pa.